UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AME DEROSA,<br><br>　　　　　Plaintiff<br><br>-against-<br><br>PPT MANAGEMENT, LLC (d/b/a/<br>"Professional Physical Therapy"); WILLIAM J.<br>MCDONALD; TIMOTHY GLEASON; and<br>STEVEN SCHNEIDER,<br><br>　　　　　Defendants | Case No.: 1:22-cv-5521<br><br>**COMPLAINT**<br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, AME DEROSA ("Plaintiff"), by and through her undersigned attorneys, Sacco &

Fillas LLP, files this Complaint against Defendants, PPT MANAGEMENT, LLC (d/b/a/

"Professional Physical Therapy"); WILLIAM J. MCDONALD; TIMOTHY GLEASON; and

STEVEN SCHNEIDER (collectively, "Defendants"), located at 576 Broadhollow Road, Melville,

NY 11747 and 333 Earle Ovington Blvd Ste LL6, Uniondale, NY 11553, or any other business

entity doing business as "Professional Physical Therapy" states as follows:

## I.　**NATURE OF THE ACTION**

1.　　This action is brought to recover unpaid minimum and overtime wages, unpaid

spread-of-hours pay, liquidated damages, statutory damages, attorney's fees, costs, interest, and other

monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), New York

Labor Law § 190, et seq. ("NYLL"), and the New York Wage Theft Prevention Act ("WTPA").

2.　　Plaintiff was employed as a paralegal for Defendants.  Defendants misclassified

Plaintiff as "exempt" from overtime and other applicable wage and hour laws.  Defendants did not

accurately monitor Plaintiff's work hours.  Plaintiff was regularly required to work more than forty

hours per week.  Defendants did not pay Plaintiff and other non-exempt workers at the statutory

minimum wage, overtime, or spread of hour rates required by the FLSA and the NYLL for all hours

worked.

II.    **JURISDICTION AND VENUE**

3.    This court has jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331, § 1332 and 1337, and Section 16(b) of the FLSA, 29 U.S.C. § 216(b). This court has jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to Plaintiff's federal claims that they form a part of the same case or controversy between the parties.

4.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) and 29 U.S.C. § 1132(e)(2), because Defendants operate facilities in, and a substantial part of the events giving rise to the claims occurred in, this judicial district.

III.    **PARTIES**

   A. **AME DEROSA**

5.    Plaintiff AME DEROSA is an adult resident of Suffolk County, New York.

6.    Plaintiff AME DEROSA was employed by Defendants at their business, Professional Physical Therapy, at 576 Broadhollow Road, Melville, NY 11747 and at 333 Earle Ovington Blvd Ste LL6, Uniondale, NY 11553.

7.    Plaintiff AME DEROSA was employed by Defendants from approximately July 18, 2016, to approximately October 29, 2021.

8.    Plaintiff AME DEROSA was employed by Defendants as a paralegal, whose responsibilities included litigation assistance, claims management, compliance, insurance risk renewal, contract review, and filing.

9.    Plaintiff did not supervise other employees.

10.    Plaintiff did she have any authority to hire or fire employees.

11.    Plaintiff's primary job duties did not require her to exercise independent discretion or judgment with respect to matters of significance to Defendants' business.

12.     Plaintiff followed processes and procedures and draft template documents for attorney review and editing.

13.     As a result, at all relevant times, Plaintiff was, and still is, a non-exempt employee under the FLSA and the NYLL, who is entitled to overtime compensation for all hours worked over forty (40) per week.

14.      Throughout her employment, AME DEROSA was an employee engaged in interstate commerce or in the production of goods for interstate commerce.

**B. Defendant PPT MANAGEMENT, LLC (d/b/a/ "Professional Physical Therapy")**

15.     Defendant PPT MANAGEMENT, LLC (d/b/a/ "Professional Physical Therapy") is a foreign limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business at 576 BROADHOLLOW RD, MELVILLE, NY, UNITED STATES, 11747 and at 333 Earle Ovington Blvd Ste LL6, Uniondale, NY 11553.

16.     Defendant PPT MANAGEMENT, LLC (d/b/a/ "Professional Physical Therapy") and Professional Physical Therapy provides physical, occupational, and hand therapy in New York, New Jersey, Connecticut, Massachusetts, and New Hampshire.

17.     Defendant PPT MANAGEMENT, LLC (d/b/a/ "Professional Physical Therapy") controls the website www.professionalpt.com.

18.     Defendant PPT MANAGEMENT, LLC (d/b/a/ "Professional Physical Therapy") has more than eleven (11) employees.

19.     At all relevant times, Defendant PPT MANAGEMENT, LLC (d/b/a/ "Professional Physical Therapy") has employed and continues to employ employees, including Plaintiff.

20.     Defendant PPT MANAGEMENT, LLC (d/b/a/ "Professional Physical Therapy") has employees engaged in commerce or in the production of goods for commerce and handling,

selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

21.     Defendant PPT MANAGEMENT, LLC (d/b/a/ "Professional Physical Therapy") is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

22.     Within the three years prior to the filing of this Complaint, PPT MANAGEMENT, LLC (d/b/a/ "Professional Physical Therapy") had an annual gross volume of sales in excess of $500,000.

23.     Defendant PPT MANAGEMENT, LLC (d/b/a/ "Professional Physical Therapy") hired Plaintiff.

24.     At all relevant times, Defendant PPT MANAGEMENT, LLC (d/b/a/ "Professional Physical Therapy") has been, and continues to be, an "employer" engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

25.     Defendant PPT MANAGEMENT, LLC (d/b/a/ "Professional Physical Therapy") issued Plaintiff AME DEROSA a W-2 in the course and scope of her employment.

**C.  Defendant WILLIAM J. MCDONALD**

26.     At all relevant times herein, Defendant WILLIAM J. MCDONALD is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law§ 2 and the Regulations thereunder, and is jointly and severally liable.

27.     At all relevant times herein, Defendant WILLIAM J. MCDONALD is the general counsel and chief compliance officer at Professional Physical Therapy and Defendant PPT MANAGEMENT, LLC (d/b/a/ "Professional Physical Therapy").

28.    At all relevant times herein, Defendant WILLIAM J. MCDONALD supervised the daily legal operations of Professional Physical Therapy and Defendant PPT MANAGEMENT, LLC (d/b/a/ "Professional Physical Therapy").

29.    At all relevant times herein, Defendant WILLIAM J. MCDONALD supervised Plaintiff AME DEROSA.

30.    At all relevant times herein, Defendant WILLIAM J. MCDONALD reviewed Plaintiff AME DEROSA's work.

31.    At all relevant times herein, Defendant WILLIAM J. MCDONALD scheduled Plaintiff AME DEROSA's work hours.

32.    At all relevant times herein, Defendant WILLIAM J. MCDONALD managed Plaintiff AME DEROSA.

33.    At all relevant times herein, Defendant WILLIAM J. MCDONALD controlled the conditions of Plaintiff AME DEROSA's employment.

34.    At all relevant times, Defendant WILLIAM J. MCDONALD directed Plaintiff AME DEROSA at work.

35.    Defendant WILLIAM J. MCDONALD directed Plaintiff AME DEROSA to provide an accounting of her work to develop an "efficient workflow" of their department, including but not limited to directing Plaintiff to provide an outline a "typical day."

36.    At all relevant times herein, Defendant WILLIAM J. MCDONALD had power to hire and fire Plaintiff AME DEROSA.

37.    At all relevant times herein, Defendant WILLIAM J. MCDONALD had power to develop workflow for the legal department in which Plaintiff AME DEROSA worked.

38.    At all relevant times herein, Defendant WILLIAM J. MCDONALD had power to supervise Plaintiff AME DEROSA.

39.     At all times herein, Defendant WILLIAM J. MCDONALD had power to approve and deny raises to Plaintiff AME DEROSA.

40.     Defendant WILLIAM J. MCDONALD refused to provide Plaintiff with a raise.

41.     In approximately October 2021, Defendant WILLIAM J. MCDONALD fired Plaintiff AME DEROSA.

42.     Upon information and belief, the individual Defendant, WILLIAM J. MCDONALD exercised control over the terms and conditions of employees' employment, including Plaintiff, in that he had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

**D.  Defendant TIMOTHY GLEASON**

43.     At all relevant times herein, Defendant TIMOTHY GLEASON is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the New York Labor Law and the Regulations thereunder and is jointly and severally liable.

44.     Defendant TIMOTHY GLEASON is the senior director of human resources at Professional Physical Therapy.

45.     At all relevant times, Defendant TIMOTHY GLEASON directed Plaintiff AME DEROSA at work.

46.     From approximately 2018 to approximately December 2020, Defendant TIMOTHY GLEASON was designated as Plaintiff AME DEROSA's supervisor.

47.     Defendant TIMOTHY GLEASON directed Plaintiff AME DEROSA.

48.     Defendant TIMOTHY GLEASON supervised Plaintiff AME DEROSA.

49.     Defendant TIMOTHY GLEASON had the power to approve or disapprove of changes to salaries, bonuses, and performance reviews of Plaintiff AME DEROSA.

50.     In 2021, Defendant TIMOTHY GLEASON affected Plaintiff AME DEROSA's wage by emailing the Chief Executive Officer and directing him not to change Plaintiff's wages.

51.     Defendant TIMOTHY GLEASON regularly directed Plaintiff AME DEROSA to send him contracts and agreements.

52.     Defendant TIMOTHY GLEASON regularly directed Plaintiff AME DEROSA to take on tasks such as updating employment agreement charts, providing records, obtaining noncompete and contract documents, contacting outside counsel, and obtaining summons and complaints, among other matters.

53.     Defendant TIMOTHY GLEASON had power to influence Plaintiff AME DEROSA's compensation, including affecting raises.

54.     Defendant TIMOTHY GLEASON had power to hire and fire Plaintiff AME DEROSA.

55.     Defendant TIMOTHY GLEASON maintained payroll records.

56.     Upon information and belief, Defendant TIMOTHY GLEASON had power to set Plaintiff AME DEROSA's work hours and schedule.

57.     Upon information and belief, the individual Defendant, TIMOTHY GLEASON exercised control over the terms and conditions of employees' employment, including Plaintiff, in that he had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

### E. Defendant STEVEN SCHNEIDER

58. At all relevant times herein, Defendant STEVEN SCHNEIDER is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law and the Regulations thereunder and is jointly and severally liable.

59. From approximately December 2018 to approximately June 2021, Defendant STEVEN SCHNEIDER was the Chief Financial Officer of Professional Physical Therapy.

60. From approximately June 2021 to the present, Defendant STEVEN SCHNEIDER is the Chief Executive Officer at Professional Physical Therapy.

61. Defendant STEVEN SCHNEIDER had power to hire and fire employees including Plaintiff AME DEROSA.

62. Defendant STEVEN SCHNEIDER had power to direct, and did direct, Plaintiff AME DEROSA at work.

63. Defendant STEVEN SCHNEIDER regularly directed Plaintiff AME DEROSA's work regarding the use of contract management software, insurance renewals, billing, and invoicing, among other tasks.

64. Plaintiff AME DEROSA was required to regularly (i.e., approximately monthly) produce reports to Defendant STEVEN SCHNEIDER.

65. Plaintiff AME DEROSA was required to report to Defendant STEVEN SCHNEIDER a list of her job responsibilities and projects.

66. In supervising Plaintiff AME DEROSA, Defendant STEVEN SCHNEIDER reviewed Plaintiff AME DEROSA's work and issued feedback.

67. Defendant STEVEN SCHNEIDER had the power to supervise, and did supervise, Plaintiff AME DEROSA's work.

68.     Defendant STEVEN SCHNEIDER had power to reprimand Plaintiff AME DEROSA.  For example, in approximately 2021, Defendant STEVEN SCHNEIDER exercised his power to reprimand Plaintiff for allegedly being "argumentative."

69.     Upon information and belief, Defendant STEVEN SCHNEIDER had power to authorize bonuses to Plaintiff.

70.     Upon information and belief, the individual Defendant, TIMOTHY GLEASON exercised control over the terms and conditions of employees' employment, including Plaintiff, in that he had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

## IV.     **FACTUAL ALLEGATIONS**

71.     Paralegals and legal assistants generally do not qualify as exempt learned professionals because an advanced specialized academic degree is not a standard prerequisite for entry into the field.  29 C.F.R. § 541.301.

72.     Plaintiff AME DEROSA does not have an advanced specialized academic degree.

73.     Plaintiff AME DEROSA does not have a four-year college degree.

74.     At hiring, Plaintiff AME DEROSA was classified as "exempt."

75.     Defendants provided Plaintiff AME DEROSA with a laptop to ensure she would work remotely.

76.     Defendants set up work email on Plaintiff AME DEROSA's personal cell phone so she would work remotely.

77.     Plaintiff AME DEROSA was required to use her cell phone and a laptop to work remotely.

78.     Plaintiff AME DEROSA's personal cellular phone number was attached to her work email signature.

79.     From approximately July 2016 to approximately March 2020, Plaintiff AME DEROSA worked at least approximately sixty-three (63) hours per week, except for approximately one week of 2018.

80.     From approximately July 2016 to approximately March 2020, at least approximately five days per week, Plaintiff AME DEROSA worked more than ten hours per shift.

81.     From approximately March 2020 to approximately January 2021, Plaintiff AME DEROSA worked at least approximately fifty-five (55) hours per week.

82.     From approximately January 2021 to approximately October 29, 2021, Plaintiff AME DEROSA worked at least approximately forty-six (46) hours per week.

83.     Plaintiff was paid by check.

84.     In 2016, Plaintiff AME DEROSA was paid approximately $56,000.00 in a fixed annual salary, paid in fixed bi-monthly payments, which did not fluctuate with the number of hours worked per week.

85.     In 2017, Plaintiff AME DEROSA was paid approximately $55,855.00 in a fixed annual salary, paid in fixed bi-monthly payments, which did not fluctuate with the number of hours worked per week.

86.     In 2018, Plaintiff AME DEROSA was paid approximately $57,370.00 in a fixed annual salary, paid in fixed bi-monthly payments, which did not fluctuate with the number of hours worked per week.

87.     In 2019, Plaintiff AME DEROSA was paid approximately $58,086.23 in a fixed annual salary, paid in fixed bi-monthly payments, which did not fluctuate with the number of hours worked per week.

88.     In 2020, Plaintiff AME DEROSA was paid approximately $61,864.56 in a fixed annual salary, paid in fixed bi-monthly payments, which did not fluctuate with the number of hours worked per week.

89.     In 2021, Plaintiff AME DEROSA was paid approximately $61,864.56 in a fixed annual salary, paid in fixed bi-monthly payments, which did not fluctuate with the number of hours worked per week.

90.     Defendants did not pay Plaintiff AME DEROSA at one and one-half (1½) times her regular hourly rate for hours worked above forty per week.

91.     Defendants did not furnish Plaintiff AME DEROSA with wage notices upon hiring or whenever her rate of pay changed.

92.     Defendants did not furnish Plaintiff AME DEROSA a lawful wage statement with each wage payment that provided, inter alia, Plaintiff AME DEROSA's regular and overtime rates of pay and the number of hours worked.

93.     Defendants had no punch card or automated time keeping system.

94.     Plaintiff was not required to track her work hours using a punch or time clock or otherwise document her work times each workday.

95.     Upon information and belief, at all relevant times, upon information and belief, and during Plaintiff AME DEROSA's employment, the Defendants failed to maintain accurate time records.

96.     Upon information and belief, Defendants did not keep track of Plaintiff AME DEROSA's daily working hours.

97.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff AME DEROSA wages for all hours worked; minimum wages; or overtime (of time

and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

98.     Plaintiff AME DEROSA was not given an uninterrupted meal break.

99.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff AME DEROSA lawfully earned wages, in contravention of the FLSA and NYLL.

## V.     **FIRST CLAIM - Fair Labor Standards Act - Unpaid Overtime**

100.    Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

101.    Defendants were required to pay Plaintiff one and one-half (1½) times her regular hourly rate for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 et seq.

102.    Defendants have failed to pay Plaintiff the overtime wages to which she was entitled under the FLSA.

103.    Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

104.    Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## VI.    **SECOND CLAIM - New York Labor Law - Unpaid Overtime**

105.    Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

106.    Under the NYLL and supporting New York State Department of Labor ("NY DOL") regulations, Defendants were required to pay Plaintiff one and one-half (1½) times her regular hourly rates for all hours worked in excess of forty.

107.    Defendants have failed to pay Plaintiff the overtime wages to which she was entitled under the NYLL.

108. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay overtime wages.

109. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

**VII.   THIRD CLAIM - Fair Labor Standards Act - Unpaid Minimum Wage**

110. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

111. Defendants are employers within the meaning of 29 U.S.C. § 201, et seq.

112. Defendants were required to pay Plaintiff the applicable minimum wage rate for each hour that she worked.

113. Defendants failed to pay Plaintiff the minimum wages to which she was entitled under the FLSA.

114. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

115. As a result of defendants' willful violations of the FLSA, Plaintiff suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

**VIII.   FOURTH CLAIM - New York Labor Law - Unpaid Minimum Wage**

116. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

117. Defendants are employers within the meaning of the NYLL §§ 190 et seq., 651(5), and 652, and supporting New York State Department of Labor ("NYDOL") Regulations.

118.    Defendants failed to pay Plaintiff the minimum wages to which she was entitled under the NYLL.

119.    Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff minimum hourly wages.

120.    As a result of defendants' willful violations of the NYLL, Plaintiff suffered damages by being denied minimum wages in accordance with the NYLL in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs of this action.

## IX.    FIFTH CLAIM - New York Labor Law - Failure to Provide Lawful Wage Notices

121.    Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

122.    The NYLL and the Wage Theft Prevention Act ("WTPA") require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

123.    Defendants failed to furnish to Plaintiff whenever there was a change to her rate of pay a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191, and anything otherwise required by law; in violation of NYLL § 195(1).

124.    Due to Defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from the Defendants liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to NYLL § 198(1-b).

## X.    SIXTH CLAIM - New York Labor Law - Failure to Provide Lawful Wage Statements

125.    Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

126.     The NYLL and WTPA also require employers to provide employees with an accurate wage statement each time they are paid.

127.     Defendants failed to furnish to Plaintiff, with each wage payment, a statement accurately listing: rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

128.     Due to Defendants' violation of the NYLL § 195(3), Plaintiff is entitled to recover from Defendants liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## XI.    SEVENTH CLAIM - New York Labor Law - Spread-of-Hours Pay

129.     Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

130.     Defendants have willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which she worked more than ten hours.

131.     By Defendants' failure to pay Plaintiff spread-of-hours pay, Defendants willfully violated the NYLL Article 19, §§ 650, et seq., and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. § 142-2.4.

132.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest, and liquidated damages.

## XII.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment:

a.  declaring that Defendants have violated the minimum and overtime wage provisions of the FLSA and the NYLL;

b.  declaring that Defendants have violated the spread-of-hours pay provisions of the NYLL and NYDOL Regulations;

c.  declaring that Defendants violated the notice and record keeping provisions of the WTPA;

d.  declaring that Defendants' violations of the FLSA and NYLL were willful;

e.  awarding Plaintiff damages for unpaid minimum and overtime wages;

f.  awarding Plaintiff damages for spread-of-hours wages;

g.  awarding Plaintiff damages as a result of Defendants' failure to furnish accurate wage statements and wage notices pursuant to the NYLL and the WTPA;

h.  awarding Plaintiff liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

i.  awarding Plaintiff pre-judgment interest pursuant to the NYLL;

j.  awarding Plaintiff post-judgment interest as required under 28 U.S.C. § 1961(a);

k.  awarding reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

l.  awarding such other and further relief as the Court deems just and proper.


Dated: Astoria, New York
          September 15, 2022

Respectfully submitted,

By: _____ /s/ Clifford Tucker _____
          Clifford Tucker, Esq.,
          Sacco & Fillas LLP
          3119 Newtown Ave, Seventh Floor
          Astoria, NY 11102
          Tel: 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
          CTucker@SaccoFillas.com

**NOTICE OF INTENTION TO ENFORCE CORPORATE MEMBER LIABILITY FOR SERVICES RENDERED**

**TO**: PPT MANAGEMENT, LLC (d/b/a/ "Professional Physical Therapy")

**PLEASE TAKE NOTICE**, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that AME DEROSA and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten members with the largest percentage ownership interests of PPT MANAGEMENT, LLC (d/b/a/ "Professional Physical Therapy"). for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: Astoria, New York
    September 15, 2022

Respectfully submitted,

By: _____ /s/ Clifford Tucker _____
   Clifford Tucker, Esq.,
   Sacco & Fillas LLP
   3119 Newtown Ave, Seventh Floor
   Astoria, NY 11102
   Tel: 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
   CTucker@SaccoFillas.com

**DEMAND BY EMPLOYEE TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

**TO:** PPT MANAGEMENT, LLC (d/b/a/ "Professional Physical Therapy")

**PLEASE TAKE NOTICE**, that AME DEROSA, and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf,

**HEREBY DEMAND** the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice

Dated: Astoria, New York
          September 15, 2022

Respectfully submitted,

By: _____*/s/ Clifford Tucker*_____
          Clifford Tucker, Esq.,
          Sacco & Fillas LLP
          3119 Newtown Ave, Seventh Floor
          Astoria, NY 11102
          Tel: 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
          CTucker@SaccoFillas.com

## CONSENT TO SUE

### REQUEST TO BECOME A PARTY-PLAINTIFF

I hereby consent to become a party plaintiff in an action to recover unpaid overtime, and other relief under the Fair Labor Standards Act.  (Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)

Name/Nombre: Anne D. DeRosa

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature/Firma _____   Date/Fecha: 11/10/2021 _____, 2021